Esther H. Cochran, executrix of the last will and testament of William Allison Cochran, deceased, *v.* Bushrod W. Adams, Charles D. Barney and J. Bell Austin, copartners, trading as the Philadelphia Stock Exchange.

*Partnership—Stock exchange—Arbitration committee.*

The constitution of a stock exchange provided for an arbitration committee whose duty it was to investigate and decide all claims and matters of difference between members of the exchange which may be brought before the committee " arising from transactions in bonds, bullion, stocks or other securities, or from other transactions in money ; " also that " the liability of every membership, whether solvent or insolvent, to its owners' creditors in the stock exchange shall include all indebtedness to a firm, any member of which is also a member of the exchange, contracted during the existence of the copartnership." The membership of a deceased member was sold by the exchange, and suit was brought by the executrix of the deceased against the exchange to recover the proceeds. An affidavit of defense was filed in which it was averred that the deceased was a member of a partnership, all of the members of which belonged to the exchange ; that notice had been served upon the exchange by the surviving partners that the deceased was indebted to their firm at the time of his death for an amount in excess of the claim in the suit, and that the arbitration committee had awarded the whole amount of the proceeds of sale to the surviving partners. There was nothing in the affidavit of defense to show that the claim of the surviving partners was " for transactions arising in, or relating to the business of banker or stock exchange broker," or that the claim was " contracted during the existence of the copartnership." *Held,* that the affidavit of defense was insufficient to prevent judgment.

Argued Jan. 6, 1897. Appeal, No. 302, Jan. Term, 1896, by defendants, from order of C. P. No. 3, Phila. Co,, June T., 1895, No. 236, making absolute a rule for judgment for want of a sufficient affidavit of defense. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Assumpsit for the amount of the proceeds of the sale of a membership in a stock exchange.

Rule for judgment for want of a sufficient affidavit of defense.

The secretary of the exchange filed an affidavit of defense and the following supplemental affidavit of defense.:

That by the constitution and by-laws of the Philadelphia Stock Exchange, provision is made for the payment of all claims due by one member to another upon the sale or transfer of any memberships, whereby the proceeds of the sale of the seat of a retiring or deceased member are made liable for any indebtedness of such member to any other member or members of the said stock exchange in preference to any other person or persons not members of the said stock exchange, as appears in exhibit "A" appended hereto, and asked to be made a part of this affidavit; that at the time of the death of the said William Allison Cochran he was a member of the firm of L. H. Taylor & Company, and that he, together with Lewis H. Taylor, Jr. and Frederick T. Chandler, constituted the said copartnership; that all the members of the said firm, at the time of the death of the said William Allison Cochran, were members of the said stock exchange; that on May 3, 1895, the said stock exchange received from the surviving partners of the said firm of L. H. Taylor & Co., the following notice:

"PHILADELPHIA, May 3d, 1895.

"J. BELL AUSTIN, Esq., Secretary, Philadelphia Stock Exchange, Philadelphia.

"Dear Sir:—As the late Mr. William Allison Cochran was indebted to our firm at the time of his death for something over $3,000, we hereby file a claim against his membership in the Exchange for $3,000.

"Yours very truly,

"L. H. TAYLOR & CO."

It was in consequence determined by the Philadelphia Stock Exchange that the aforesaid claim of Messrs. Lewis H. Taylor and Co. should be arbitrated regularly by the arbitration committee of that body, and a day was fixed for the holding of the meeting. Notices, therefore, were served upon the counsel of the plaintiff, Joseph W. Hunsicker, Esq., on behalf of himself, as well as on behalf of his client, inviting them to be present at the arbitration, and also upon Messrs Lewis H. Taylor, Jr. and Frederick T. Chandler, and also upon Samuel B. Huey, the counsel of the assignee of Messrs. Lewis H. Taylor and Frederick T. Chandler. The arbitration committee held a session on Wednesday, February 26, at 3.30 P. M., and there appeared

before it the aforesaid Lewis H. Taylor, on behalf of Lewis H. Taylor and Frederick T. Chandler, and also Samuel B. Huey, the counsel for the assignee. The claim of Lewis H. Taylor and Frederick T. Chandler was duly proved to the satisfaction of the arbitration committee, and the sum of $2,461.25 (less expenses) was awarded to Lewis H. Taylor, Jr. and Frederick T. Chandler. Upon the award being made by the aforesaid arbitration committee, the above sum of money was paid to Lewis H. Taylor, Jr. and Frederick T. Chandler. The aforesaid sum of money is the identical money which is claimed by the plaintiff from the defendants in this suit, and as the said defendants have paid the same, according to their constitution and by-laws, to the aforesaid Lewis H. Taylor, Jr. and Frederick T. Chandler, there is no money or property of any kind now held by the said defendants which is due or in any way owing to the said plaintiff. Nor have the said defendants any money or property of any description belonging to the said plaintiff.

All of which the said J. Bell Austin, on behalf of himself and the other defendants, believes to be true, and expects to be able to prove upon the trial of the case.

The material portions of the constitution of the stock exchange are as follows:

Article XI. Sec. 4. Any member wishing to sell his membership shall have the right to do so provided he has no unsettled contracts with or claims against him by any member of the stock exchange for transactions, arising in or relating to the business of banker or a stock exchange broker; but where the arbitration committee shall determine that any claims or contracts exist, the governing committee may, except in cases of insolvency, refuse to permit the membership to be sold until such claims or contracts are, in its opinion, satisfactorily settled.

The proceeds of the membership, if sold, shall, after deducting all charges due to the exchange (to be determined in cases of controversy by the arbitration committee) belong to its owners' creditors in the exchange, in proportion to the amount of their respective claims, determined by the arbitration committee, as hereinbefore provided in section 5, article V., and be paid accordingly, and the remainder, if any, shall be paid to the owner.

Sec. 5. When a member dies his membership shall, within

one year thereafter, be sold or transferred; if, however, he be indebted to any member of the stock exchange, then, on the written request of two thirds of the creditors, said membership shall be sold at the discretion of the committee on admissions, and the proceeds thereof, after deducting all charges due to the Exchange (to be determined in cases of controversy by the arbitration committee), shall be paid to its owners' creditors who are members of the Exchange, in proportion to the amount of their respective claims, determined as hereinbefore provided in section 5, article V., as to disputes between living members; and the remainder, if any, shall be paid to the legal representatives of the deceased.

Sec. 6. All expenses incurred by the exchange in respect to any membership, and in respect to any right or privilege of any member (including counsel fees and costs paid, and all disbursements made by the exchange) both beforehand, after the member's death, and whether or not any suit shall have been brought, shall constitute a charge against said membership, and shall in all respects be treated as an ordinary fine, the collection of which shall be enforced in the same manner as that now provided for the collection of other fines.

Sec. 10. The liability of every membership, whether solvent or insolvent to its owners' creditors in the stock exchange, shall include all indebtedness to a firm, any member of which is also a member of the Exchange, contracted during the existence of the copartnership.

Article V. The president shall appoint from members of the governing committee. . . .

Sec. 5. An arbitration committee, to consist of seven (7) members, whose duties it shall be to investigate and decide all claims and matters of difference between members of the exchange, which may be brought before it, arising from transactions in bonds, bullion, stocks, or other securities, or from any transactions in money. It shall also investigate and decide such claims, arising from differences aforesaid, as may be preferred against members by non-members, and such non-member agreeing to abide by the rules of the Philadelphia Stock Exchange; provided, however, that the arbitration committee shall have power to dismiss any case, and refer the parties to their remedies at law; but it shall so refer them, upon the joint request of the

contestants, in writing. The decision of this committee shall be final in all cases, unless an appeal be taken by a member of the committee, as in these rules provided, or in cases involving a sum of five hundred dollars ($500) or over, when either party may appeal, within five (5) days, to the governing committee; that upon such appeal the governing committee may finally adjudicate the case, relegate the parties to their remedies at law, or direct a rehearing by the arbitration committee.

.The court made absolute a rule for judgment for want of a sufficient affidavit of defense.

*Error assigned* was above order.

*Arthur Biddle*, with him *George W. Biddle* and *Biddle & Ward*, for appellants.—An equitable owner of a seat, unknown to the association, cannot share in the proceeds of the seat upon the death of the legal member, as against members of the association who are creditors of the legal owner: Biddle on Stock Brokers, 50–53; Thompson v. Adams, 93 Pa. 55; Pancoast v. Gowen, 93 Pa. 66; Moxey's App., 9 W. N. C. 441; Wister v. Evans, 1 W. N. C. 182; Hyde v. Woods, 94 U. S. 523.

*Joseph W. Hunsicker*, with him *George Thorn Hunsicker*, for appellee.—The rules of exchange being against the common and statute law must be strictly construed. They do not include any claim of a firm of brokers against one of the same firm, though each be a member of the exchange.

Boards of brokers have no jurisdiction over contracts touching houses, lands, leasehold estates or farming interests, but only according to their regulations over stock contracts: Leech v. Harris, 2 Brewst. 571; Morris v. Grant, 34 Hun, 377; 23 Am. & Eng. Ency. of Law, 773.

The rules of the exchange do not include any claim made by the surviving partners against the personal representatives of a deceased partner. The claim made by L. H. Taylor & Co. is not for an unsettled contract with or claim against appellee's testator by any member of the exchange for transactions arising in or relating to the business of a banker or stock exchange broker, but for a partnership claim. The rules of the exchange only provide for arbitration between members.

OPINION BY MR. CHIEF JUSTICE STERRETT, March 15, 1897 :

This action was brought against the defendants, partners, etc., in the name of the "Philadelphia Stock Exchange," to recover the sum of $2,461.25, net proceeds of the membership of plain-tiff's testator in said stock exchange sold by them under a special power of attorney executed and delivered by her to them for that purpose, etc., as fully set forth in her statement of claim.

Without traversing or denying any of the material averments of fact contained in said statement, the defendants, by way of confession and avoidance, rely on the averments contained in their affidavit and supplemental affidavit of defense. The learned court below adjudged those averments insufficient and entered the judgment from which this appeal was taken.

In the supplemental affidavit it is averred in substance that plaintiff's testator was a member of L. H. Taylor & Co., all the members of which firm, at the time of testator's death and prior thereto, were individually members of the stock exchange ; that the surviving members of said firm filed a claim against testator's membership in the stock exchange for indebtedness to said firm, which indebtedness by the constitution and by-laws of said exchange is given a preference ; that said claim was duly proved to the satisfaction of the arbitration committee ; that upon the award being made the money was paid to the surviving partners, and the defendants now hold no money due or owing to the plaintiff.

The constitution of the exchange, which by reference is made part of the affidavit of defense, provides in article V. section 5, for an arbitration committee, whose duties it shall be to investi-gate and decide all claims and matters of difference between members of the exchange, which may be brought before it, aris-ing from transactions in bonds, bullion, stocks, or other securi-ties, or from any transactions in money."

Section 4 of article XI., providing for the case of "any mem-ber wishing to sell his membership," directs when and how it shall be done, how and to whom the proceeds shall be applied, and to whom the residue, if any, shall be paid, etc.

Section 5 of same article makes provision for sale or transfer of membership "when a member dies," and directs how the proceeds thereof shall be applied, and to whom the residue. if any, shall be paid, etc.

Section 10 of same article declares: " The liability of every membership, whether solvent or insolvent, to its owner's creditors in the stock exchange shall include all indebtedness to a firm, any member of which is also a member of the exchange, contracted during the existence of the copartnership."

From a careful consideration of the constitution of the stock exchange, especially the provisions above referred to, it is quite apparent that the purpose is to provide for settlement of claims pertaining to the business of said exchange, or other business similar thereto, or, as expressed in section 4 article XI., " for transactions arising in or relating to the business of banker or stock exchange broker." The enumeration of the powers of the " arbitration committee," which are referred to in several of said sections and must be read into them, is conclusive of this construction. The maxim, inclusio unius est exclusio alterius, is clearly applicable. Assuming that we are correct in thus construing the constitution, it necessarily follows that it is not every kind of indebtedness between members that is allowed the preference provided for, but only such kinds of indebtedness as are specified in the constitution.

As quoted in full in the affidavit of defense, the claim filed by the surviving members of testator's firm is as follows: " As the late Mr. William Allison Cochran was indebted to our firm at the time of his death for something over $3,000, we hereby file a claim against his membership in the exchange for $3,000." There is no designation here of the character of the claim, nothing to show that it is " for transactions arising in or relating to the business of banker or stock exchange broker," nor is there anything to even indicate that the claim was " contracted during the existence of the copartnership." The affidavit of defense may be searched in vain for anything like a definite averment of the nature of the claim. The nearest approach thereto is a possible inference that the claim was of the kind contemplated by the constitution. It is stated in the affidavit that, " It was in consequence (of the notice) determined by the Philadelphia Stock Exchange that the aforesaid claim of Lewis H. Taylor & Co., should be arbitrated regularly by the arbitration committee of that body," and that the claim " was duly proved to the satisfaction of the arbitration committee." While this may warrant an inference that the claim is of the kind contemplated

by the constitution of the stock exchange, it falls very far short of the requirement of a specific statement in an affidavit of defense. As already stated, it is nowhere averred that the claim was for indebtedness "contracted during the existence of the copartnership" of Lewis H. Taylor and Co. as required by section 10 of article XI., supra. Even if that section indicated an intention to enlarge the class of claims to "all indebtedness" without regard to the character thereof (which it does not), it must have been contracted "during the existence of the partnership," and that fact should have been distinctly averred.

We are therefore of opinion that the affidavits of defense were insufficient to prevent a summary judgment; and hence there was no error in making the rule for judgment absolute.

Judgment affirmed.